### J. A. KEMP GROCERY CO. v. ROBERT SAWYER, GARNISHEE.

#### No. 2032.

**Practice on Appeal—Garnishment—Issue Not Made Below.**

Where on appeal in a garnishment proceeding the record shows that the affidavit controverting the answer of the garnishee tendered several issues of law and fact, and was met with a replication, it will be presumed, nothing further appearing, that the issues so tendered and joined were the only ones made, and the finding of the trial court on an issue not included therein must be ignored.

ERROR from Donley. Tried below before Hon. H. H. WALLACE.

*A. A. Hughes,* for plaintiff in error.—In garnishment proceedings the issues may be oral, and when the record shows that the issues were passed on by the court, they will be presumed to have been made. The

answer and controverting affidavit do not constitute the issues. Moursund v. Priess, 84 Texas, 554; 19 S. W. R., 775; Taringen v. Willis Bros., 20 S. W. Rep., 75; Insurance Co. v. Willis Bros., 70 Texas, 15; Kelly v. Gibbs, 19 S. W. Rep., 380.

*Browning & Madden,* for defendant in error.—Plaintiff in error having failed to make Alfred Rowe's acceptance under the trust deed an issue in the lower court, by its controverting reply and issues formed, and having there tried the case upon other issues formed by its controverting reply to the garnishee's answer, should not be permitted to controvert such acceptance in this court, although the trial court finds upon that issue in his findings of fact. Cason & Bro. v. Connor, 83 Texas, 26; Hopkins v. Donaho, 4 Texas, 338.

STEPHENS, ASSOCIATE JUSTICE.—Young-Hall Company, a partnership doing business at Clarendon, Texas, becoming insolvent, made a transfer of the firm assets to Robert Sawyer for the purpose of securing the payment of the various debts mentioned in the preferential deed. Plaintiff in error, a creditor of the firm, not being of the preferred class, though included in the instrument, declined to accept its provisions and instituted this garnishment proceedings against the trustee.

The answer of the garnishee denied liability unless something should remain in his hands after paying off the preferred creditors, making a copy of the deed of trust an exhibit to his answer and alleging that all except plaintiff had accepted thereunder.

A controverting affidavit was filed, attacking the trust deed for fraud, and alleging the preferred debt therein secured to Alfred Rowe to be fictitious, but the alleged acceptance by said Rowe and others was not controverted.

The record contains the court's conclusions of law and fact, but no statement of facts. From these conclusions it appears that the issue of Rowe's acceptance was passed upon, though it does not otherwise appear to have been controverted. It is now insisted that the court's findings in effect show that he did not accept till after the garnishment was served, and that we should presume that this issue was made by oral pleading, and condemn the judgment affirming the validity of his acceptance.

The controverting affidavit tendered several issues both of law and fact and gave every indication of a carefully drawn pleading. It was met with a replication on the part of the garnishee. In this state of the record, nothing further appearing, it must be held that the issues so tendered and joined were the only issues made, and that of Rowe's acceptance, not being included therein, should be here ignored.

The remaining contention is that the deed of trust was fraudulent on its face as against non-accepting creditors, but we do not so read it. The features mainly relied on to sustain this contention were at most but badges of fraud. Baldwin v. Peet, 22 Texas, 718, and cases

there cited, as well as subsequent cases following that decision.

Judgment affirmed.

*Affirmed.*

Delivered November 30, 1895.

### ADDITIONAL CONCLUSIONS.

STEPHENS, ASSOCIATE JUSTICE.—In response to the motion for additional conclusions, we find:

1. That the answer of the garnishee in effect, if not in so many words, alleged that all the creditors named in the deed, except appellant, accepted the benefits thereof before the garnishment was served. This is the natural interpretation of the following language of the answer, the context considered: "Said personal property in said trust deed described and conveyed to garnishee, was by garnishee taken into his possession at the time of the execution and delivery to him of said deed, said cattle being delivered as they ran on their range; and each and all the beneficiaries in said trust deed mentioned, except the plaintiff herein, accepted the benefits of said trust, and this garnishee proceeded forthwith to excute his said trust in accordance with the terms and provisions thereof, as set out, defined and provided in said deed, and at the time of the service of the said writ of garnishment upon him he had so executed the same."

2. That the deed of trust was made February 6, and the garnishment writ served February 18.

3. That the controverting affidavit, properly named in the record "controverting answer of plaintiff," and upon which defendant in error joined issue, and evidently, we think, what was referred to in the judgment recital that the parties "announced ready for trial upon the issues made by the plaintiff," contained, in the introductory part thereof, the general allegation that the deed of trust was fraudulent and void and did not convey the property to the garnishee so as to place it beyond the reach of plaintiff's debt, followed by a statement in detail of the reasons and grounds, which did not include that of non-acceptance by Rowe.

4. That had Rowe's debt been excluded, the court's findings show that the fund would probably have been sufficient to satisfy the garnishment of plaintiff in error.

5. That in the absence of a statement of facts we cannot determine whether Rowe accepted or not before the garnishment was served, the court's findings of fact, apart from the conclusions of law, leaving it uncertain; but taken altogether, these conclusions tend to show that he probably did not. It does not affirmatively appear that the brother had no authority to accept for him.

The other points raised by the motion, so far as material, are sufficiently covered by the conclusions already filed.

Filed February 7, 1896.

Writ of error refused.